1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    UNITED STATES OF AMERICA,

9                            Plaintiff,          Case No. CR23-189 JCC

10         v.                                    ORDER

11   GEORGE RAMIREZ,

12                            Defendant.

13

14                          **I.      INTRODUCTION**

15         This matter is before this Court by referral on the government's Motion for Deposition of

16   Material Witnesses ("Motion"). (Mot. (dkt. # 29).) The government requests, pursuant to Federal

17   Rule of Criminal Procedure ("Rule") 15(a)(1), that the Court authorize material witness

18   depositions of H.S. and K.S. (together, the "Material Witnesses"). (Mot. at 1.) Defendant George

19   Ramirez filed an opposition to the Motion. (Resp. (dkt. # 30).) Having considered the parties'

20   submissions, the governing law, and the balance of the record, the Court DENIES the

21   government's Motion (dkt. # 29).

22

23

## II.   BACKGROUND

On December 6, 2023, Mr. Ramirez was charged by indictment with two counts of illegal transportation of an alien for private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (B)(i), and 18 U.S.C. § 2, based on allegations he transported the Material Witnesses after they illegally entered the United States. (Dkt. # 9.) Mr. Ramirez pleaded not guilty to all charges and has been released on bond. (Dkt. ## 13, 26-28.)

On February 26, 2024, the government moved for material witness arrest warrants for the Material Witnesses, representing that both were in immigration custody. *In re. Testimony of [H.S.] and [K.S.]*, No. MJ24-117, dkt. ## 1 at 2, 1-1 at 8 (W.D. Wash.). This Court granted the government's motion for warrants the same day. *Id.*, dkt. # 2.

On February 29, 2024, the government filed its Motion for depositions. (Mot.) Also on February 29, 2024, the government contacted the Material Witnesses' counsel, who indicated they would confer with their clients as to whether they opposed the Motion. (*Id.* at 2.) The government has not indicated whether it received an answer.

Along with the Motion, the government submitted an affidavit from Special Agent Jordan E. Dolan, who stated that both Material Witnesses participated in interviews without counsel present, which were audio and video recorded. (Dolan Affidavit (dkt. # 29-2) at ¶¶ 18-19, 21, 25-26.) H.S. also signed a consent form allowing access to his cell phone, which was then searched. (*Id.* at ¶ 23.) Agent Dolan indicated neither of the Material Witnesses had been charged with a criminal offense and both remained in immigration custody. (*Id.* at ¶ 31.)

On March 1, 2024, after a detention hearing on the material witness warrants, this Court found the government had not met its burden of showing serious risk of flight and ordered the Material Witnesses released. *In re. Testimony of [H.S.] and [K.S.]*, No. MJ24-117, dkt. # 23.

On March 7, 2024, Mr. Ramirez filed his opposition to the government's Motion. (Resp.) Trial in this matter is set for June 3, 2024. (Dkt. # 23.)

### III.    DISCUSSION

The government contends Rule 15 depositions should be permitted because the Material Witnesses are non-United States citizens in immigration custody and, if released, there is "a risk" that they will "flee, fail to return to Court, and/or return to their home country of India[.]"[1] (Mot. at 3.) Mr. Ramirez contends the risk is overblown, based on the Material Witnesses' "significant efforts to travel to the United States, their credible fear of returning [to] their home countries, and their immigration bonds." (Resp. at 2.)

Rule 15 authorizes the trial court to grant a motion for depositions to preserve testimony for trial in "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). The moving party bears the burden to show exceptional circumstances. *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000). "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (quoting *United States v. Farfan-Carreon*, 935 F.2d 678, 679 (5th Cir. 1991)).

To determine whether "exceptional circumstances" exist, courts generally consider issues such as whether: (1) the witness will be unavailable for trial; (2) there has been a good faith effort to obtain the witness's presence at trial; (3) the testimony would be favorable and material; and (4) the witness is available and willing to be deposed. *See United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995).

---

[1] The government also argued the Material Witnesses are "currently detained pursuant to a material witness warrant," but that is no longer the case. (Mot. at 3.)

ORDER - 3

The Court concludes the overall weight of these factors leans against granting Rule 15 depositions. Because the Material Witnesses are in custody and have already cooperated extensively with the government, the government has not shown they are likely to be unavailable for trial. The government has not shown the Material Witnesses are likely to be released before the June trial date in this case, nor that they are likely to flee if released simply because they are not United States citizens. (*See* Mot. at 3.) Moreover, the government has not indicated any efforts to obtain the Material Witnesses' presence at trial. (*See id.* generally.) The government has made no showing regarding whether the Material Witnesses are available and willing to be deposed. (*Id.*)

One factor, that the Material Witnesses' testimony is likely to be favorable and material, weighs in the government's favor. Because all other factors weigh against the government, including, importantly, the likelihood that the Material Witnesses will be available for trial, the Court concludes the government has not established exceptional circumstances that would justify taking Rule 15 depositions at this time. An instructive comparison is found in *United States v. Zamfir*, where the Court found exceptional circumstances justifying a Rule 15 deposition because the material witness attempted to flee to Canada after being served with a trial subpoena. 2024 WL 988961, at *2 (W.D. Wash. Mar. 7, 2024) ("[T]he Government has demonstrated a sufficient likelihood of [the witness'] unavailability based on his recent flight attempts.").

Here, in contrast, the Material Witnesses remain in custody. Moreover, both have sat for interviews with the government and H.S. agreed to have his phone searched. The government has not shown that either is likely, or even able, to flee. The Court concludes the government's Motion should be denied without prejudice to refiling if circumstances change.

1

## IV.    CONCLUSION

2       For the foregoing reasons, the Court DENIES the government's Motion (dkt. # 29). The

3  Clerk is directed to send copies of this order to the parties and to the Honorable John C.

4  Coughenour.

5       Dated this 20th day of March, 2024.

6

7                                          MICHELLE L. PETERSON
                                           United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23